UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                Civil Action No. 13-12341
                                                                  HON. BERNARD A. FRIEDMAN

W. MARK DENT a/k/a
WAYNE MARK DENT

         Debtor.
_____/

**OPINION AND ORDER REVERSING BANKRUPTCY COURT'S DECISION**

**I.     Introduction**

Before the Court is creditor Brian Kvitko's ("plaintiff") appeal from a February 22, 2013 order of the bankruptcy court dismissing the complaint in an adversary proceeding against debtor Wayne Mark Dent ("defendant"). Plaintiff filed a brief in support of his appeal [docket entry 6]. Defendant filed a brief in response [docket entry 7] and plaintiff filed a reply [docket entry 8]. Since the Court has reviewed the factual record in this matter pursuant to the clearly erroneous standard, and finds that the bankruptcy court's recitation of the underlying facts is accurate, the Court will adopt the summary of the facts as they appear on pages 2 through 6 of the bankruptcy court's order.

**II.     Standard of Review**

The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158 and reviews a bankruptcy court's factual findings for clear error and its conclusions of law *de novo*. See In re Cook, 457 F.3d 561, 565 (6th Cir. 2006); In re Musilli, 398 B.R. 447, 452-453 (E.D. Mich. 2008). Because the facts of the case are undisputed, and plaintiff merely challenges the

bankruptcy court's legal conclusions, i.e., how it applied the law to those facts, the Court will review this matter pursuant to the *de novo* standard.[1]

### III. Analysis

On appeal, plaintiff contends that the bankruptcy should have revoked defendant's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(2) on the grounds that: 1) defendant's former residence is subject to the reach-back provision of section 727(a)(2)(A) under the continuing concealment doctrine; and 2) he conveyed his interest in the property to his wife with an intent to hinder, delay or defraud plaintiff.

With respect to the first argument, the bankruptcy court erred when it found that plaintiff failed to proffer sufficient evidence of defendant's continuing concealment of a beneficial interest in his former residence. Section 727(a)(2)(A) provides that:

> "(a) The court shall grant the debtor a discharge, unless–
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–
>
> (A) property of the debtor, within one year before the date of the filing of the petition."

Thus, section 727(a)(2)(A) requires that four elements be proven before denying a discharge: "(1) [a] transfer of property; (2) belonging to the debtor; (3) within one year of filing the bankruptcy petition; and (4) with actual intent to hinder, delay, or defraud creditors or an officer

---

[1] Although the Sixth Circuit Court of Appeals has held that a bankruptcy court's finding of hindrance, delay, or fraud under section 727(a)(2) is a factual finding reviewed for clear error, In re Adams, 31 F.3d 389, 393 (6th Cir. 1994), it appears that the parties in that matter disputed the bankruptcy court's factual findings. That is not the case here.

of the estate." In re Loeb, No. 05-78538, 2007 Bankr. LEXIS 1425, at *10-11 (Bankr. E.D. Mich. Jan. 19, 2007). An exception to the one-year look-back provision is the continuing concealment doctrine. This doctrine allows "'a transfer made and recorded more than one year prior to [the] filing [of the petition to] serve as evidence of the requisite act of concealment where the debtor retains a secret benefit of ownership in the transferred property within the year prior to filing.'" In re Keeney, 227 F.3d 679, 684 (6th Cir. 2000) *quoting* In re Lawson, 122 F.3d 1237, 1240 (9th Cir. 1997).

In this case, the bankruptcy court mistakenly concluded that defendant did not retain a beneficial interest in the residence on the sole ground that defendant testified that he had to ask his wife for permission to stay there and "he was not permitted to stay there when the property was rented out." Bank. Op. at 9. Assuming defendant's testimony is credible, the mere fact that his spouse required him to ask permission prior to staying at the residence should not negate the beneficial interest defendant received therefrom. The record demonstrates that defendant stayed at the residence for significant periods of time rent free; "approximately 50-60 days during the 2010 tax season, approximately 45-50 days during the 2011 tax season, and approximately 80 days during the 2012 tax season." Id. Even after defendant transferred his interest in the residence to his wife, defendant admitted that he continued to reside at the property for over a month, until the military reassigned his wife to Nevada. Id. at 4. Additionally, defendant kept his name on the property's two mortgages and obtained substantial tax deductions for the corresponding interest payments. Record on Appeal at 374. Since the Court finds ample proof that defendant maintained a beneficial interest in the residence, the conveyance of his interest in the joint tenancy is subject to the one-year look-back provision contained in section

727(a)(2)(A).

In regards to plaintiff's second argument, the bankruptcy court incorrectly determined that plaintiff did not requisitely establish whether defendant fraudulently intended to convey his interest in the joint tenancy.  Courts generally consider the following factors to discern whether a debtor has fraudulently conveyed a property interest:

"(1) the transfer was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer was disclosed or concealed;

(4) before the transfer was made, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all of the debtor's assets;

(6) the debtor absconded;

(7) the debtor removed or concealed assets;

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor."

In re Loeb, 2007 Bankr. LEXIS 1425, at *12 *citing* In re Wojtala, 113 B.R. 332, 336 (Bankr. E.D. Mich. 1990).

Applying these factors, the bankruptcy court found that five of them supported a finding of fraudulent intent, namely:

> "(1) the transfer was made to an insider, the defendant's wife; (2) the defendant retained the ability to use the property with [his wife's] permission when it was not rented out; (5) when the defendant transferred his interest in the property, that transfer accounted for substantially all of his assets; (8) although the testimony regarding the value of the property was inconclusive, the value of the consideration received by the defendant from [his wife] was likely less than the reasonably equivalent value of his interest in the property; and (9) the defendant was insolvent at the time the transfer was made."

Bankr. Op. at 11. On the other hand, the bankruptcy court found that four of the factors militated against a finding of fraudulent intent:

> "(3) the transfer of the property was properly disclosed and was not concealed; (4) the defendant had been sued and a judgment had been entered against the defendant and in favor of the plaintiff prior to the June 29, 2009 transfer, but the defendant testified that he had agreed to transfer the property to [his wife] in September 2007; (6) the defendant did not abscond; (7) in addition to transferring his interest in the property, he also removed his name from. . . two bank accounts he owned with [his wife]. . . and (10) the transfer [of the residence] occurred shortly after the judgment against the defendant and in favor of the plaintiff was entered, but the agreement to transfer the property was made in September 2007."

Id.

To the extent the aforementioned factors are relevant to defendant's conveyance of the residential property, the bankruptcy court should have discounted the third and sixth factors.[2] As plaintiff correctly notes in his brief, the fact that defendant openly conveyed his legal interest in the residence is irrelevant for the purposes of determining fraudulent intent. What matters here is that plaintiff actually retained a beneficial interest in the property after the conveyance. Similarly, the bankruptcy court should have realized that the sixth factor was equally irrelevant to the disposition of this case because plaintiff could not have absconded with the residential property.

---

[2] The Court will not review the bankruptcy court's consideration of the seventh factor because it has no bearing on the conveyance of defendant's interest in the joint tenancy.

Finally, the bankruptcy court erred when it resolved the fourth and tenth factors in plaintiff's favor because the record clearly established that defendant conveyed his interest in the joint tenancy immediately after an Ohio state court entered a judgment against him.  Insofar as defendant alleged that the conveyance constituted part performance of an earlier unwritten finance agreement between him and his wife, defendant's testimony pales in comparison to the overwhelming indicia of fraudulent intent.

Accordingly,

IT IS ORDERED that the bankruptcy court's order dated February 22, 2013 is reversed.

IT IS FURTHER ORDERED the complaint is reinstated and the defendant's discharge is revoked pursuant to section 727(a)(2)(A).

IT IS FURTHER ORDERED that the matter is remanded for further proceedings in accordance with this opinion and order.


August 28, 2013                           S/ Bernard A. Friedman

                                          U. S. District Court Judge